UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   23 CR 21 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| ANTHONY REED | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Within four days, defendant robbed three taxi or rideshare drivers at gunpoint on the south side of Chicago. During those robberies, defendant threatened to kill his victims unless they gave him money. A guideline sentence of 181 months is sufficient, but not greater than necessary, to serve the purposes of sentencing.

**I.   Background**

On July 1, 2023, defendant Anthony Reed was indicted with two counts of Hobbs Act robbery (Counts 1 and 3) and two counts of brandishing a firearm during and in relation to a crime of violence (Counts 2 and 4). R. 1. On February 23, 2023, a superseding indictment was filed, alleging the same counts and adding an "aka." R. 10. On February 8, 2024, a second superseding indictment was filed adding another Hobbs Act robbery (Count 5) and brandishing a firearm during and in relation to a crime of violence (Count 6). R. 79. On January 29, 2025, defendant entered a plea of guilty pursuant to a plea agreement to Counts 1, 3, 5, and 6 of the second superseding indictment. R. 101. Sentencing is set for July 30, 2025 at 2:00 p.m.

## II. Offense Conduct

From February 4, 2022 to February 8, 2022, defendant robbed three taxicab or rideshare drivers at gunpoint for money. Specifically, on February 4, 2022, the defendant robbed Flash Cab taxi driver, Victim A, at gunpoint. PSR ¶ 9. The defendant called the taxi to the 7300 block of South Seeley Avenue. *Id.* The defendant entered the taxi and, using his left hand, pointed a firearm with a laser attachment at Victim A's head. *Id.* While pointing the firearm at Victim A's head, that defendant threatened Victim A saying, "where the money at, before I kill you." *Id.* When Victim A did not immediately respond, the defendant hit him in the head with the firearm. *Id.* The defendant then kept repeating, "where your money at, where your money at before I kill you," and subsequently stole Victim A's tablet and cellular telephone. *Id.* Victim A reported he developed a bump on his head from being struck, as well as hair loss at the injury site. *Id.* Victim A reported he ultimately sought treatment from his physician and was prescribed a cream to apply to his head at the injury site, which reportedly healed after several weeks. *Id.*

On February 5, 2022, the defendant robbed Flash Cab taxi driver, Victim B, at gunpoint. PSR ¶ 10. Specifically, Victim B was called to the 7300 block of South Seeley Avenue for a fare to O'Hare airport. *Id.* The defendant entered the taxi and, using his left hand, pulled out a firearm equipped with an extended magazine, pointed the firearm at Victim B, and yelled "where the money at, I'm going to kill your ass, where all the money at." *Id.* The defendant subsequently stole approximately $120 cash, a cellular phone, and a tablet from Victim B. *Id.*

On February 8, 2022, the defendant robbed Uber driver, Victim C, at gunpoint. PSR ¶ 11. Specifically, the defendant entered an Uber at around 1500 South Kolin Avenue, with a drop off location on the 7300 block of South Seeley Avenue. *Id.* Once the Uber arrived at the drop off location, the defendant pointed a firearm with a laser attachment at Victim C's torso and stated, "give me your wallet, give me everything you got." *Id.* The defendant subsequently stole Victim C's wallet with approximately $200 to $400 cash, Victim C's iPhone, and a white and black Nike jacket. *Id.* As the defendant exited the vehicle, he stated words to the effect of, "go, leave, before I kill your ass," or "drive off or I'm going to kill you." *Id.*

### III. Offense Calculation and Guidelines Range

A.  PSR Calculation of Offense Level

The government agrees with the PSR calculation of the total offense level as 28. PSR ¶¶ 17-50.

B.  Criminal History

The government agrees with the PSR determination that defendant's criminal history score is four and his criminal history category is III. PSR ¶¶ 60.

C.  Advisory Guidelines Range

With an offense level of 28 and a criminal history category of III, defendant's advisory guidelines range is 97 to 121 months. PSR ¶ 124. Defendant is also subject to a mandatory minimum sentence of seven years, to be imposed consecutively to any other counts. PSR ¶ 123.

## IV. The §3553(a) Factors Support Imposition of a Guideline Sentence of 181 Months in Prison

Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing. Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(A)-(D). In order to determine the sentence to impose, the court must consider the statutory factors listed in §3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Commission's policy statements. §3553(a)(4), (a)(5). Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). For the reasons set forth below, the statutory sentencing factors reflect that a guideline sentence of 181 months (97 months on Counts 1, 3, and 5 followed by 84 months on Count 6) is warranted.

### A. Seriousness, Nature, and Circumstances of Offense

The nature and circumstances of the offense are extremely serious. Over the course of only four days, defendant robbed three victims at gunpoint while the victims were doing their job. The driver victims were called to the scene of the robbery by the defendant and were robbed either at the start of the ride (Victim A and Victim B) or

4

at the end of the ride (Victim C). Defendant threatened all three victims with a firearm, saying he would kill them if they did not hand over their money. Defendant even hit Victim A in the head with the firearm when Victim A did not immediately comply with his demands. A significant sentence is warranted to protect the public from defendant's criminal appetite and deter defendant from committing future violent acts.

      B.    <u>History and Characteristics of Defendant</u>

Defendant's history and characteristics do not paint a kinder picture of defendant. Defendant has three prior criminal convictions, for possession of a controlled substance, manufacture/delivery of 1-15 grams of cocaine, and for domestic battery causing bodily harm. PSR ¶¶ 56, 57, and 59. Defendant committed these robberies while on bond for the domestic battery offense. PSR ¶ 59. Defendant also has a vacated conviction for carrying/possessing a firearm in public/school. PSR ¶ 58. According to Chicago Police Department arrest report, the firearm defendant possessed in that case was equipped with an extended magazine—just like the firearm defendant used to rob Victim B. *Id.* Defendant also has at least seven adult arrests. PSR ¶¶ 64-85 (all arrests). In mitigation, defendant reports not having a stable childhood and suffering from anxiety and depression. PSR ¶¶ 88, 97, 100. But those mitigating factors do not excuse or lessen the havoc defendant wrecked, and the lasting impact defendant left on the victims.

**V.    Conclusion**

In view of the section 3553(a) factors, a sentence of 181 months is fair,

reasonable, and sufficient, but not greater than necessary to reflect the seriousness of the offense and promote respect for the law. For these reasons, the government respectfully requests that this Court impose sentence of probation.

                                                    Respectfully submitted,

                                                    ANDREW S. BOUTROS
                                                    United States Attorney

                              By:    */s/ Margaret A. Steindorf*
                                                    Margaret A. Steindorf
                                                    Assistant U.S. Attorney
                                                    219 South Dearborn Street, 5th Floor
                                                    Chicago, Illinois 60604

Dated: June 30, 2025